IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBIN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. 11-cv-03978-AT |
| v. | ) | |
| | ) | |
| ONEWEST BANK, FSB, | ) | REMOVED FROM FULTON |
| INDYMAC MORTGAGE | ) | COUNTY SUPERIOR COURT, |
| SERVICES, DEFENDANT | ) | CASE NO. 2011CV206969 |
| DOE | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S DENIAL OF THEIR MOTION TO DISMISS COMPLAINT

COME NOW Defendant OneWest Bank, FSB (hereinafter, "OneWest Bank") and Defendant Indymac Mortgage Services ("Indymac" and with OneWest Bank as "Defendants"), and move the Court to reconsider its denial of their Motion to Dismiss Complaint [the "Motion", Doc. No. 8] in light of two recent published decisions from the Georgia Court of Appeals, *Montgomery v. Bank of America,* 740 S.E. 2d 434 (Ga. Ct. App., Mar. 29, 2013) and *Larose v. Bank of America, N.A.,* 2013 WL 1286692 (Ga. Ct. App., Mar. 29, 2013), and in light of the recent published decision from the Georgia Supreme Court, *You v. JP Morgan Chase Bank, N.A.,* —— S.E.2d ——, 2013 WL 2152562, at *6 (Ga. May 20, 2013) showing the Court as follows:

On October 14, 2011, Plaintiff filed her complaint (the "Complaint") in the Superior Court of Fulton County, Georgia seeking the Court to, *inter alia,* declare that the subject foreclosure sale was wrongful, avoid the entire security interest that Defendants have with respect to the property with the street address of 130 26th Street NW Apt 302, Atlanta, GA 30309 (the "Subject Property"), and award monetary damages against Defendants for numerous desultory violations resting on the predicate wrongful foreclosure claim.[1]   [See Complaint's Prayer for Relief, Doc. No. 1].   In the Complaint, Plaintiff advances the foundational claim that Defendant OneWest Bank fraudulently misrepresented its standing to foreclose on the Subject Property in November, 2010 alleging that OneWest Bank was not the secured creditor pertaining to the Subject Property.  See Complaint, ¶ 1, ¶¶ 32-36.

In denying Defendants' Motion, this Court ruled in its August 22, 2012 order that Plaintiff could, under Georgia law, assert a wrongful foreclosure claim, and consequently denied Defendants' motion to dismiss under FRCP 12(b)(6). [The "August 22, 2012 Order", Doc. No. 11].  After this Court's decision in the fall of 2012, the Georgia Court of Appeals, in two published opinions, has definitively ruled that a Georgia borrower has <u>no legal standing</u> in the first instance to challenge the assignment of his/her security deed.  In *Montgomery v. Bank of America*, No. A12A0514, 740 S.E. 2d 434 2013 WL 1277830 (Ga. Ct. App.,

---

[1] The case was removed to the U.S. District Court in the Northern District of Georgia on November 18, 2011.

March 29, 2013) the Court of Appeals and held that, notwithstanding any defects:

> ...the proper party to bring a claim against MERS would
> be the other party to the assignment, BAC. Accordingly,
> Montgomery has no basis to contest the validity of the
> assignment.

*Id.*, at *3. Likewise, in *Larose v. Bank of America, NA*, No. A12A2393, 2013 WL 1286692 (Ga. Ct. App. March 29, 2013), the Court of Appeals denied a borrower's challenge to the validity of his loan assignment, citing with approval *Menyah v. BAC Home Loans Servicing LP*, 2013 WL 1189498 (N.D. Ga., Mar. 21, 2013) where this Court held that a borrower who is not a party to his loan assignment cannot legally challenge it. *Id.* at *2. These appellate decisions from the Georgia state court did not exist at the time this Court denied Defendants' Motion to Dismiss on August 22, 2012.[2] As shown below, the assignment of the relevant security interest to Defendant OneWest Bank is the dispositive issue undergirding

---

[2] This Court is bound by the substantive law of the State of Georgia in consideration of this case and pronouncements of Georgia's highest court. This Court is also bound by the decisions of intermediate Georgia appellate court decisions on issues that Georgia's highest court has not ruled upon, unless persuasive evidence exists that the Georgia's highest court would rule otherwise. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *King v. Order of United Commercial Travelers of Am.*, 333 U.S. 153, 158, 68 S.Ct. 488, 491, 92 L.Ed. 608 (1948) *Fidelity Union Trust Co. v. Field*, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109 (1940), *reh. den.* 311 U.S. 730, 61 S.Ct. 438, 85 L.Ed. 475 and *reh. den.* 314 U.S. 709, 62 S.Ct. 118, 86 L.Ed. 565 (1941) (if the highest state court has not addressed the issue, federal courts should ascertain and apply state law as pronounced by intermediate state appellate courts). Federal courts should view an intermediate state court's opinion as "indicia of the leanings of the state's highest court," and follow those "leanings," unless the federal court is convinced that the state supreme court would reach a different conclusion. *Daigle v. Shell Oil Co.* 972 F.2d 1527 (10th Cir.1992). See also *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 236–37, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940). The Georgia Court of Appeals has now twice ruled on a borrower's lack of legal standing to contest the assignment of a security deed, and this Court is bound by those rulings. Moreover, the Georgia Supreme Court has now ruled in *You* that a lender need not possess a promissory note to foreclose in Georgia, and further ruled in *You* that a "secured creditor" need not even be identified in the O.C.G.A. § 44-14-162.2 notice-of-sale letter.

Plaintiff's claims.

Further, this Court based its order denying Defendants' Motion to Dismiss on *Reese v. Provident Funding Associates, LLP*, No. A12A0619, 2012 WL 2849700 (Ga. Ct. App. July 12, 2012).  See August 22, 2012 Order, p. 7.  The Georgia Supreme Court has now vacated the Georgia Court of Appeals' *Reese* decision in light of its decision in *You v. JPMorgan Chase Bank, N.A.* See Georgia Supreme Court's May 20, 2013 Order vacating *Reese*, attached hereto as Ex. "1". In *You*, the Georgia Supreme Court found that foreclosing lenders neither need to possess the promissory note in order to foreclose a security deed, nor that a "secured creditor" need be identified in the O.C.G.A. § 44-14-162.2 notice-of-sale letter.  *You*, 2013 WL 2152562, at *5.

In light of *You*, it is clear that Plaintiff's wrongful foreclosure claim fails as a matter of law.  "Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." *Freeman v. Wells Fargo Bank*, N.A., Slip Copy, 2013 WL 2637121, *2 (N.D. Ga. 2013) (citing *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga.App. 369, 601 S.E.2d 842, 844 (2004).  Plaintiff argues that Defendant OneWest Bank failed to comply with its statutory duties under O.C.G.A. § 44-14-162.2 because the information failed to contain contact

4

information for Federal National Mortgage Association ("Fannie Mae"), who Plaintiff contends was the true creditor relating to the loan. See Complaint, prayer.

It is undisputed that the foreclosure notices that Defendant sent pursuant to O.C.G.A. § 44-14-162.2 "identified OneWest as the secured creditor and the entity with authority to negotiate, amend, or modify the loan." August 22, 2012 Order, p. 4; Complaint, ¶ 33 and Ex. "G" thereto. The address and telephone number of the "entity who has full authority to discuss, negotiate, or change all terms of the mortgage with the debtor" as required by O.C.G.A. § 44-14-162.2 also pertained to OneWest Bank, and not Fannie Mae. Thus, if OneWest Bank was the proper creditor, Plaintiff's claims are easily disposed of owing to the consistency between the true creditor and the reflected creditor in the notice.

It is clear that there was no duty-breach based on the content of the foreclosure notice as the information provided accurately connotes the relationship of OneWest Bank to the loan and Subject Property of the Complaint. As argued in Defendants' Motion, the Georgia Supreme Court affirmed in *You* that under O.C.G.A. § 44-14-64(b) assignment of the security deed also transfers the "indebtedness therein secured." *You*, 2013 WL 2152562, at *5. As referenced in the Court's August 22, 2012 Order, the 'Assignment of Note and Security Deed' (the "Assignment"), recorded on November 2, 2009 and attached to Defendants' Motion as Ex. "B", reflects that the security interest pertaining to the original June

30, 2004 security deed was conveyed to Defendant OneWest Bank along with the related secured debt well before the November 2, 2012 foreclosure sale.[3] Therefore, the Court's concern in its August, 2013 Order that "an assignment of the security deed does not conclusively establish what entity holds the promissory note" is satiated despite the Georgia Supreme Court's additional holding finding that creditors need not possess the promissory note in order to foreclose with respect to a security deed. *You*, 2013 WL 2152562, at *5.

Moreover, Plaintiff's reliance on the specter of Federal National Mortgage Association ("Fannie Mae") creditorship as support for her claim is misplaced. In the Complaint, Plaintiff states that "Plaintiff was informed by Fannie Mae that they had always been the secured creditor/holder in due course, and not the Defendants." Complaint, ¶ 31. These allegations provide no name or date of the person that Plaintiff purportedly communicated at Fannie Mae with regarding the matter. More significantly, it is unclear from the averment if Fannie Mae was actually claiming a creditorship status or something more akin to its well-observed status as a government-sponsored guarantor or investor on residential loans. Further, Plaintiff's additional reliance on purported oral communications clearly violates Georgia's Statute of Frauds requiring that "[a]ny commitment to lend

---

[3] In addition to the arguments presented in the original motion to dismiss regarding consideration of the Assignment in the original Motion, Plaintiff never contested either the substantive content of the Assignment or its consideration as part of the Motion in her response thereto. As such, Defendants would ask the Court to take judicial notice of the recorded Assignment evincing OneWest Bank's creditor status. [See December 5, 2011 response and memorandum in support, Doc. Nos. 3-4.]

money" or "[a]ny contract for ... any interest in ... lands" be in writing. O.C.G.A. § 13–5–30(4), (7); *James v. Safari Enters., Inc.*, 244 Ga.App. 813, 537 S.E.2d 103, 104 (2000); *Allen v. Tucker Fed. Bank*, 236 Ga.App. 245, 510 S.E.2d 546, 546–47 (1998).

Likewise, Plaintiff's reliance on a purported correspondence from Defendant IndyMac Mortgage Services as indicia of a creditor interest in Fannie Mae is insufficient to overcome the clear creditor status manifested by the Assignment. See Complaint, ¶ 13 and Ex. "C" thereto. Viewed even in the most favorable light, the December 4, 2009 correspondence connotes an undefined interest by Fannie Mae and never states that Fannie Mae is the **creditor** relating to the loan or property or that Fannie Mae had ever been assigned the security interest.

Overall, Plaintiff's various attacks on the foreclosure and advancement of a purported creditor standing of Fannie Mae are disposed of as creditorship is clearly defined now in Georgia as the entity holding (or having last been conveyed) the security deed, with the recorded assignment resolving the factual portion of the inquiry. See *Moore v. McCalla Raymer, LLC*, --- F.Supp.2d ----, 2013 WL 28253, *9 (N.D. Ga. 2013); O.C.G.A. § 44–16–162(b); O.C.G.A. § 44–14–64(b) (authorizing transfer of security deeds by way of assignment in Georgia); O.C.G.A. 23-2-114 (stating that assignee may exercise power of sale from original deed of trust). As such, Plaintiff cannot show a violation of O.C.G.A. § 44-14-162.2 or

any foreclosure statute by the failure to identify Fannie Mae on the notices.

CONCLUSION

All of the Plaintiff's claims have been eviscerated under *You, Montgomery,* and *Larose.* For all the within and foregoing reasons, Defendants pray that the Court RECONSIDER its August 22, 2012 ruling and DISMISS this action in its entirety.

This 5th day of July, 2013.

MCCURDY AND CANDLER, L.L.C.

By: /s/John D. Andrle
     Frank R. Olson
     Georgia Bar No. 553077
     John D. Andrle
     Georgia Bar No. 488330
     Attorneys for Defendants OneWest Bank, FSB, Indymac Mortgage Services

Six Piedmont Center, Suite 700
3525 Piedmont Road, N.E.
Atlanta, GA 30305
(404) 214-5829 direct
(678) 891-5769 direct fax
jandrle@mccurdycandler.com



**SUPREME COURT OF GEORGIA**
Case No.   S12C2028

Atlanta     May 20, 2013

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed.

PROVIDENT FUNDING ASSOCIATES, LLP v. IZELL REESE et al.

The petition for certiorari is hereby granted, and the judgment of the Court of Appeals is hereby vacated and the case is remanded to the Court of Appeals for consideration in light of *You v. JP Morgan Chase Bank et al.*, (Case No. S13Q0040, decided May 20, 2013).

All the Justices concur, except Blackwell, J., who is disqualified.

SUPREME COURT OF THE STATE OF GEORGIA
Clerk' s Office, Atlanta

I certify that the above is a true extract from the Minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

*Lisa C. Fulton* , Chief Deputy Clerk

Exhibit___1___

CERTIFICATION

I HEREBY CERTIFY: (a) that this document was prepared using the Microsoft Word 2003 word processing program, (b) that it was prepared using the Times New Roman 14 point font and otherwise is in compliance with LR 5.1, NDGa, and (c) that I have this day caused to be sent by U.S. Mail, with adequate postage affixed to the envelope containing same, a copy of the within and foregoing pleading to the following recipients:

Tegra N. Watkins
Watkins Legal, LLC
Suite 555
3951 Snapfinger Parkway
Decatur, GA 30035

This 5th day of July, 2013.

MCCURDY AND CANDLER, L.L.C.

By:/s/John D. Andrle
        Georgia Bar No. 488330
        Attorneys for Defendants OneWest Bank,
        FSB, Indymac Mortgage Services

Six Piedmont Center, Suite 700
3525 Piedmont Road, N.E.
Atlanta, GA 30305
(404) 214-5829 direct
(678) 891-5769 direct fax
jandrle@mccurdycandler.com

9