IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBIN SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-3978-AT |
| | : | |
| ONEWEST BANK, FSB, INDYMAC | : | |
| MORTGAGE SERVICES, and | : | |
| DEFENDANT DOE, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This wrongful foreclosure action is before the Court on Defendants' Motion

for Reconsideration [Doc. 21] and Renewed Motion to Dismiss [Doc. 22].

## I.    BACKGROUND

On August 22, 2012, the Court entered an Order denying Defendants'

Motion to Dismiss.  (Doc. 8.)  The Court held that Plaintiff's claims for wrongful

foreclosure and under the Unfair and Deceptive Trade Practices Act ("UDTPA")

could proceed for two reasons: (1) the assignment of the security deed to

Defendant OneWest Bank, FSB ("OneWest"), which Defendants attached to their

Motion, could not be considered for the truth of the matter asserted therein,

namely, that OneWest was in fact assigned the security deed, and (2) even if the

security deed were assigned to OneWest, the holder of the security deed is not

necessarily the secured creditor under Georgia law.  (*Id.* at 6-8.)

In holding that the mortgage follows the note, not the security deed, the Court relied on *Reese v. Provident Funding Associates, LLP*, 730 S.E.2d 551 (Ga. Ct. App. 2012).  On April 3, 2013, the Court granted Defendants' motion to stay this case pending the Georgia Supreme Court's decision in *You v. JP Morgan Chase Bank, N.A.*, 743 S.E.2d 428 (Ga. 2013).  (Doc. 15.)  The Georgia Supreme Court in *You* took up the question of whether the holder of the security deed who does not also hold the note is considered the secured creditor in Georgia.  The Court noted in its Order granting the motion to stay that the issue before the Georgia Supreme Court in *You* may not be dispositive in this case, given that Plaintiff has alleged that OneWest was never actually assigned Plaintiff's security deed, despite OneWest's tender of the deed as an exhibit.  (*Id.* at 3.)

On May 20, 2013, the Georgia Supreme Court ruled in *You* that the holder of the security deed is the secured creditor in Georgia.  *You*, 730 S.E.2d at 433. Defendants now seek reconsideration of the Court's Order on their Motion to Dismiss on the basis that the *You* decision resolves the dispositive issue in this case in favor of Defendants.  (Doc. 21 at 4-7.)  Defendants also renew their Motion to Dismiss on this same basis.  (Doc. 22.)

## II.   DISCUSSION

In her Complaint, Plaintiff alleges that on December 4, 2009, she received a letter from Defendant IndyMac Mortgage Services ("IndyMac") stating that IndyMac was servicing her loan on behalf of the Federal National Mortgage

Association ("Fannie Mae").   (Compl. ¶ 13.)   In the process of applying for a mortgage modification, Plaintiff contacted Fannie Mae in or around September 2010.   (*Id.* ¶ 30.)   Plaintiff alleges that she spoke with a Fannie Mae representative by phone, who informed her that Fannie Mae would agree to reverse a planned foreclosure of her home if Defendants agreed to do the same. (*Id.*)  Plaintiff then contacted Defendants, who agreed to reverse the foreclosure if Fannie Mae agreed to the same.  (*Id.*)   However, the foreclosure went forward as planned.  (*Id.*)   Finally, Plaintiff alleges that she contacted Fannie Mae by phone once again to discuss the status of her loan.  (*Id.* ¶ 31.)   She was informed at this time that Fannie Mae had always been her secured creditor.  (*Id.*)   Plaintiff also attaches to her Complaint documentation indicating that OneWest (or IndyMac as a division of OneWest) identified itself as the servicer of Plaintiff's loan on behalf of Fannie Mae on a date following the alleged October 23, 2009 assignment of Plaintiff's security deed from Mortgage Electronic Registration Systems, Inc. ("MERS") to OneWest.   (*See, e.g.* Doc. 1-1 at 23 (stating on December 4, 2009 that IndyMac, a division of OneWest, was servicing Plaintiff's loan on behalf of Fannie Mae); *see also* Doc. 2-2) (noting the date of the assignment from MERS to OneWest as October 23, 2009).)

Defendants argue in their Motion for Reconsideration that "the assignment of the relevant security interest to Defendant OneWest Bank is the dispositive issue undergirding Plaintiff's claims." (Doc. 21 at 3-4.)  In response to Plaintiff's

allegation that a Fannie Mae representative informed her that Fannie Mae was her secured creditor, Defendants argue that "it is unclear from [Plaintiff's] averment if Fannie Mae was actually claiming a creditorship status or something more akin to its well-observed status as a government-sponsored guarantor or investor on residential loans." (*Id.* at 6.)   Finally, Defendant contends that "Plaintiff's reliance on a purported correspondence from Defendant IndyMac Mortgage Services as indicia of a creditor interest in Fannie Mae is insufficient to overcome the clear creditor status manifested by the Assignment." (*Id.* at 7.)

Defendants also note in their Motion for Reconsideration a number of holdings from the Georgia Court of Appeals and courts in this District stating that a borrower has no legal standing to challenge the validity of an assignment.  (Doc. 21 at 2-3.)  The Georgia Court of Appeals has held that because an assignment of a security deed "is a contract between [the assignor and assignee]," a non-party to the assignment "has no basis to contest the validity of the assignment." *Montgomery v. Bank of America*, 740 S.E.2d 434, 438 (Ga. App. 2013), *cert denied*, No. S13C1177 (Ga. Sept. 9, 2013); *accord Edward v. BAC Home Loans Servicing, L.P.*, ___ Fed. App'x ____, No. 12-15487, 2013 WL 4400102, at *2 (11th Cir. Aug. 16, 2013).  Defendants argue on this basis that Plaintiff lacks standing to challenge the validity of the assignment attached to their original Motion to Dismiss, and that the assignment of the security deed, combined with the Georgia Supreme Court's holding in *You*, precludes Plaintiff's claims from going forward.

The posture of *Montgomery* is indistinguishable from the present case.  As in *Montgomery*, Plaintiff contends that an entity, in this case Fannie Mae, was her secured creditor and that OneWest as the foreclosing entity and the entity in ostensible possession of her security deed was therefore unauthorized to foreclose.  In the wake of *You*, Plaintiff's only recourse would be to challenge the validity of the assignment from MERS to OneWest.  Under *Montgomery*, however, Plaintiff lacks standing to make such an argument.  Although it would seem logical that a Plaintiff seeking to challenge an entity's right to initiate foreclosure proceedings against her would have standing to challenge whether the foreclosing entity was in fact assigned her security deed, the Georgia Court of Appeals has made clear that, in its view, Plaintiff lacks standing to challenge the assignment of her security deed.  Thus, even if the Court were to infer from Plaintiff's allegations that she would challenge the validity of the assignment Defendants attach to their original Motion to Dismiss, such a challenge would be unavailing.

In addition, under *You*, the holder of the security deed has authority to foreclose in Georgia "even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." *You*, 743 S.E.2d at 433.  As a result, even accepting Plaintiff's allegations that Fannie Mae communicated its identity as her "secured creditor" past the date of the purported assignment, the fact that Fannie Mae made such a communication

does not mean that OneWest was unauthorized to foreclose – in fact, Fannie Mae may simply have been Plaintiff's note holder.  Under *You*, in such a scenario, OneWest as the holder of the security deed would have been authorized to foreclose.

Given the Georgia Supreme Court's holding in *You*, and given that Plaintiff lacks standing to challenge the validity of the assignment of her security deed under *Montgomery*, Plaintiff's wrongful foreclosure and UDTPA claims have no basis to proceed.  Accordingly, Defendants' Motion for Reconsideration [Doc. 21] and Renewed Motion to Dismiss [Doc. 22] are **GRANTED**.   The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 25th day of September, 2013.

AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

6